# Keith Halpern
Attorney at Law

4 Longfellow Place  
37th Floor  
Boston, Massachusetts 02114-2838

Tel: (617) 722-9952  
Fax: (617) 742-5761  
ksh@keithhalpern.com

September 19, 2005

FAX (508) 756-7120  
John M. Hodgens, Jr.  
Ass't U. S. Atty  
Donohue Federal Building, Suite 206  
595 Main Street  
Worcester, MA 01608

      Re:    United States v. Richard Botchway  
               Criminal No. 05-CR40035-FDS

Dear Mr. Hodgens:

      Please note that this letter is in accordance with Local Rules 116.3(A) and (H) regarding requested discovery in the above referenced matter. In accordance with the applicable rules of criminal procedure and Brady v. Maryland, 373 U.S. 83 (1963); Moore v. United States, 408 U.S. 786 (1972); Giglio v. United States, 405 U.S. 150 (1972); United States v. Agurs, 427 U.S. 97 (1976); Kyles v. Whitley, 514 U.S. 419 (1995) as well as the pertinent and applicable discovery rules, I make the following requests for discovery prior to trial:

      1. Copies of all audio recordings of communications, including any turret tapes, involving any State Police on July 13, 2005 relating in any manner to the stop, detention and/or search of the vehicle and/or its occupants in which the defendant was a passenger.

      2. All dispatch and/or logs and/or records relating in any manner to the stop, detention and/or search of the vehicle and/or its occupants in which the defendant was a passenger.

      3. All communications of Trooper Pinkes, recorded or written relating in any manner to the stop, detention and/or search of the vehicle and/or its occupants in which the defendant was a passenger.

      4. All documents, records and/or recordings that identify, discuss or refer to any law enforcement officer that was present at the scene on July 13, 2005 at any time when the vehicle in which the defendant was passenger was pulled over until it was permitted to leave the scene.

      5. All documents that relate to the presence of any camera in Trooper Pinkes' car at the time he stopped the vehicle in which the defendant was a passenger, including any documents

relating to standard equipment carried in State Police vehicles.

    6. Any citations issued on July 13, 2005 relating to the vehicle in which the defendant was a passenger.

    7. Any photographs or video of the vehicle in which the defendant was a passenger.

    8. Any and all State Police records pertaining to the period of January 1, 2005 through the date of this letter, (i) for the entire Holden barracks; and (ii) for Trooper Pinkes, relating to:
       a. all citations and records for traffic stops, including warnings;
       b. all records showing the racial or ethnic background of the drivers of the foregoing citations and warnings, including the original records and any compilations or analyses thereof;
       c. all records showing whether the vehicles that were stopped were searched and/or subjected to dog sniffing;
       d. any and all written or oral directives of the State Police, including but not limited to regulations, guidelines, orders or training materials, relating to traffic stops.

    9. Any and all State Police records relating to any internal affairs or similar complaints made against Officer Pinkes since January 1, 2000, and/or that were pending, or that resulted in any probationary status that was in effect, as of July 13, 2005 or while this case is pending.

    Thank you.

Yours very truly,

Keith Halpern