

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (508) 368-0100*
*Facsimile:       (508) 756-7120*

*Federal Building & Courthouse*
*595 Main Street, Suite 206*
*Worcester, Massachusetts 01608*

October 11, 2005

**BY MAIL**
Keith Halpern, Esq.
4 Longfellow Place, 37th Floor
Boston, MA 02114-2838

Re:   **United States v. Richard Botchway**
      Cr. No. 05-40035-FDS

Dear Mr. Halpern:

   Pursuant to L.R. 116.3, the Government hereby files its responses to your discovery letters, dated September 19, 2005 and September 26, 2005.

   With respect to the letter dated September 19, 2005, please note the following:

   Request #1. Copies of all audio recordings of communications, including any turret tapes, involving any State Police on July 13, 2005 relating in any manner to the stop, detention, and/or search of the vehicle and/or its occupants in which the defendant was a passenger.

   Response #1. A cassette tape copy of the "turret tape" relating to the stop is enclosed herein.

   Request #2. All dispatch and/or logs and/or records relating in any manner to the stop, detention, and/or search of the vehicle and/or its occupants in which the defendant was a passenger.

   Response #2. A copy of the Wednesday, July 13, 2005 Massachusetts State Police Daily Administrative Log, State Police Holden, is enclosed herein (7 pages). A copy of the Thursday, July 14, 2005, Massachusetts State Police Daily Administrative

Page 2

Log, State Police Holden, is enclosed herein (9 pages).

Request #3. All communications of Trooper Pinkes, recorded or written relating in any manner to the stop, detention and/or search of the vehicle and/or its occupants in which the defendant was a passenger.

Response #3. Previously provided and supplemented by materials provided herein. The Government recognizes that it's discovery obligations are continuing.

Request #4. All documents, records and/or recordings that identify, discuss or refer to any law enforcement officer that was present at the scene on July 13, 2005 at any time when the vehicle in which the defendant was passenger was pulled over until it was permitted to leave the scene.

Response #4. Previously provided and supplemented by materials provided herein. Massachusetts State Police Troopers Pinkes, Barry, Keeney, and Wladowski were present at the scene.

Request #5. All documents that relate to the presence of any camera in Trooper Pinkes' car at the time he stopped the vehicle in which the defendant was a passenger, including any documents relating to standard equipment carried in State Police vehicles.

Response #5. Trooper Pinkes' had no camera. To the extent that your request includes an inventory of standard equipment in State Police vehicles, the Government declines to provide the same as beyond the scope of discovery.

Request #6. Any citations issued on July 13, 2005 relating to the vehicle in which the defendant was a passenger.

Response #6. A copy of the citation is enclosed herein.

Request #7. Any photographs or video of the vehicle in which the defendant was a passenger.

Response #7. None.

Request #8. Any and all State Police records pertaining to the period of January 1, 2005 through the date of this letter [September 19, 2005], (i) for the entire Holden Barracks; and (ii) for Trooper Pinkes, relating to:
    a. all citations and records for traffic stops, including warnings;
    b. all records showing the racial or ethnic background of

Page 3

the drivers of the foregoing citations and warnings, including the original records and any compilations or any analyses thereof;
    c. all records showing whether the vehicles that were stopped were searched and/or subjected to dog sniffing;
    d. any and all written or oral directives of the State Police, including but not limited to regulations, guidelines, orders or training materials, relating to traffic stops.

    Response #8. The Government declines to provide the requested materials. Your request is beyond the scope of discovery in this case. I understand that your client seeks the foregoing data in connection with a claim of selective prosecution. See, e.g., United States v. Armstrong, 517 U.S. 456, 470 (1996) (The Supreme Court held that the burden was on the defendant to make "a credible showing of different treatment of similarly situated persons" before discovery can be ordered in a selective prosecution case.).

    Request #9. Any and all State Police records relating to any internal affairs or similar complaints made against Officer Pinkes since January 1, 2000, and/or that were pending, or that resulted in any probationary status that was in effect, as of July 13, 2005 or while this case is pending.

    Response #9. The Government understands its discovery obligations are continuing, as well as its duty to supplement. See L.R. 116.7. A Giglio request concerning Trooper Pinkes is pending.

    With respect to the letter dated September 26, 2005, please note the following:

    Request #1. Any and all State Police documents and records pertaining to the period of January 1, 2004 through the date of this court's order, (i) for Trooper Pinkes; (ii) for the entire Holden barracks; and (iii) for the entire Sturbridge barracks, relating to:

    a. all citations and records for traffic stops, including warnings;
    b. all citations and records for traffic stops, including warnings, for any violation relating to a defective exterior light;
    c. all records and documents showing the racial or ethnic background of the drivers of the foregoing citations and warnings, including the original records and any compilations or analyses thereof;

Page 4

    d. all records and documents showing whether the vehicles that were stopped and/or their occupants were searched or and or/subjected to dog sniffing;

    e. all records and documents showing the "hit rate" for searches and dog sniffs of vehicles and/or their occupants, (i.e., whether the search/sniff resulted in the discovery of contraband).

    <u>Response #1</u>. <u>See</u> Response #8, above.

                        Very truly yours,

                        MICHAEL J. SULLIVAN
                        UNITED STATES ATTORNEY

            By: *John M. Hodgens, Jr./cg.*
                  JOHN M. HODGENS, JR.
                  Assistant U.S. Attorney

Enclosures
cc: Lisa Roland, Ctr. Clerk to Judge Swartwood (w/out encl.)