UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 05-40035-FDS |
| | ) |
| RICHARD BOTCHWAY, | ) |
| Defendant. | ) |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO SUBPOENA MATERIALS FROM MASSACHUSETTS STATE POLICE

The United States of America, by Michael J. Sullivan, U.S. Attorney, and by John M. Hodgens, Jr., Assistant U.S. Attorney, hereby files the Government's Response In Opposition to Defendant's Motion for Leave to Subpoena Materials From Massachusetts State Police, under Fed. R. Crim. P. 17(c)(1)("Rule 17(c) subpoena").  Botchway seeks the pre-trial production of a broad category of documents such that his application does not comply with the strict requirement of Rule 17(c).  Under United States v. Nixon, 418 U.S. 683, 699-700 (1974), Botchway must first establish that his proposed subpoena is limited to documents that are (1) relevant, (2) admissible, and (3) necessary.  The breadth and scope of the documents sought by Botchway's motion plainly exceed these limits.  Finally, if the Court allows the subpoena to issue, then the Government requests that the Court direct any documents produced in response to such subpoena be produced to the Court, in accordance with Rule 17(c), and not directly to Botchway.

ARGUMENT

I..  BOTCHWAY'S MOTION FOR A RULE 17(C) SUBPOENA IS FOR AN IMPROPER PURPOSE AND FAILS TO MEET THE STRICT CRITERIA OF THE RULE .

Botchway's proposed Rule 17(c) subpoena is a transparent effort to improperly obtain discovery.

A.  The Standard

"The enforcement of a pretrial subpoena is committed to the sound discretion of the district court." United States v. Lieberman, 608 F.2d 889, 904 (1st Cir.), cert. denied, 444 U.S. 1019 (1980).

B.  The Use of Rule 17(c) Subpoenas Is Strictly Limited

Rule 17(c)(1) provides:

A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The most basic, yet most important, limitation on the use of Rule 17(c) subpoenas is that "Rule 17(c) was not intended to provide an additional means of discovery" to defendants in criminal cases. Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951). "It has always been clear that Rule 17(c) was not intended as a discovery device...." United States v. Shinderman, ___F.R.D.___, 2005 WL 2847379 *2 (D. Me. October 27, 2005)(quoting 2 C. Wright, Federal Practice & Procedure §274 at 242 (3d ed. 2000)). The "chief innovation" of Rule 17(c) was convenience – "to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." Bowman Dairy, 341 U.S. at 220. "Courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in

Fed. R. Crim. P. 16." United States v. Cuthbertson, 630 F.2d 139, 146 (3d Cir. 1980), cert. denied, 449 U.S. 1126 (1981). See also United States v. Beckford, 964 F. Supp. 1010, 1022 (E.D. Va. 1997) (courts have "the responsibility to prevent Rule 17(c) from being improperly used as a discovery alternative to Rule 16.").

The Supreme Court has imposed a substantial burden on parties seeking to use Rule 17(c) to obtain evidence before trial:

> [I]n order to require production prior to trial, *the moving party must show*: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

United States v. Nixon, 418 U.S. 683, 699-700 (1974) (footnote omitted) (emphasis added). Stated more simply, a party seeking permission to serve a Rule 17(c) subpoena, "in order to carry his burden, must clear three hurdles: (1) relevancy; (2) admissibility; (3) necessity." Id. at 700.

"It is not enough that the documents have some *potential* of relevance and evidentiary use. There must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment and a sufficient preliminary showing that the requested material contains evidence admissible with respect to the offenses charged. Conclusory allegations of relevance and admissibility are insufficient." Shinderman, ___F.R.D.___, 2005 WL 2847379 *4 (emphasis in original). A "mere hope" that documents might contain favorable evidence is not enough to support a request for a subpoena under Rule 17(c). United States v. Gikas, 112 F.R.D. 198, 201 (D. Ma. 1986), citing Cuthbertson, 630 F.2d, at 146. "These specificity and relevance elements require more than the title of a document and conjecture as to its contents." United States v. Arditti, 955 F.2d

331, 345 (5th Cir.), cert. denied, 506 U.S. 998 (1992). "[I]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, the requirement of specificity will not have been met." United States v. Sawinski, 2000 WL 1702032 *2 (S.D.N.Y. Dec. 26, 2002).

    C.    <u>Botchway's Subpoena Fails to Meet the Strict Requirements of Rule 17(c)</u>

Botchway contends that his subpoena is "for the purpose of an anticipated suppression motion" based on an allegation that the traffic stop in this case was racially motivated. Def. Motion, p. 8. Botchway claims that the categories of data sought will enable him "to perform a statistical analysis focusing on [the traffic stops of Massachusetts State] Trooper Pinkes." Def. Motion, p. 7. Botchway has not met the strict requirements for issuance of a Rule 17(c) subpoena: (1) relevancy; (2) admissibility; and (3) necessity.

First, Botchway's proposed subpoena is a bald attempt to improperly obtain discovery. In fact, the true nature of Botchway's request is betrayed by his own motion, in which he describes the material he seeks as "discovery." Def. Motion, p. 8. ("[Botchway] seeks discovery for the purpose of an anticipated motion to suppress."). Botchway is making an extensive request for broad categories of items. Indeed, the subpoena is replete with sweeping language calling for "Any and all State Police documents..."; (¶1.); "All documents, records and/or recordings..."(¶2.); "All documents..." (¶3.); "Any and all written or oral directives..."(¶4.); "Any and all..." (¶5). The employment of such cover-the-waterfront language is a hallmark of the improper use of Rule 17(c). See, e.g., Shinderman, ___F.R.D.___, 2005 WL 2847379 *5 ("Use of such terms as 'any and all documents'...indicates a fishing expedition."). Botchway's requests are infirm since they fail to meet the strict requirements of Rule 17(c). Botchway's proposed subpoena is precisely the type of

discovery device that the case law has expressly identified as an improper use of Rule 17(c).

Putting aside the broad sweep of the proposed subpoena, the documents sought are not relevant, and Botchway's assertions of relevance are inadequate. Botchway contends that "the *discovery* is relevant for two purposes": (1) "Trooper Pinkes' credibility," and (2) whether the stop and search was pretextual. Def. Motion, p. 8 (emphasis added). That is simply not enough. See, e.g., Nixon, 418 U.S., at 683 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); and Whren v. United States, 517 U.S. 806, 812 (1996) (A long line of cases "foreclose[s] any argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved...Subjective intentions play no role in ordinary probable-cause Fourth Amendment analysis.").

Furthermore, nowhere has Botchway suggested in his papers that the items he seeks are "admissible." Similarly, he has failed to allege that production is warranted under the Rule by "necessity." Rather, Botchway's papers are merely conclusory: "Defendant Botchway seeks to establish that the search of the vehicle he was in stemmed from [] racial profiling. The copies of citations sought by the defendant are essential to this defense." Def. Motion, p. 10. "Necessity" is more than a mere hope that these broad categories of documents might reveal something helpful to Botchway. See Cuthbertson, 630 F.2d at 146. Mindful of this, courts have routinely rejected subpoenas seeking broad categories of documents like those Botchway intends to request. See, e.g., Gikas, 112 F.R.D. 198 (district court denied motion for pretrial subpoena requiring production of documents from accounting firm for failure to meet requirements of Rule 17); Shinderman, ___F.R.D.___, 2005 WL 2847379 *4 (district court denied motion for pretrial subpoena requiring production of various documents from various agencies relating to methadone overdose deaths for

failure to meet requirements of Rule 17); United States v. Louis, 2005 WL 180885 **4-5 (S.D.N.Y. January 27, 2005)(quashing subpoena for production of broad categories documents sought in connection with a motion to suppress "indicating that Defendant seeks to obtain information helpful to the defense by examining large quantities of documents, rather than to use Rule 17 for its intended purpose - to secure the production for a court proceeding of specific admissible evidence."); Arditti, 955 F.2d 345-46 (affirming quashal of subpoena for all IRS documents regarding the undercover operation that led to his arrest and conviction); United States v. Drakopoulos, 2003 WL 21143080 (E.D.N.Y. Jan. 13, 2003) (quashing subpoena to Ameritrade for "[a]ll tape recordings of any telephone conversations involving" the defendant during a seven month time frame because defendant failed to identify the specific phone recordings sought); United States v. Clark, 2001 WL 759895 (W.D. Va. 2001) (denying subpoena for "records from several local pharmacies relating to all prescriptions written by" the government's expert witness).

The essence of Botchway's grievance is an allegation of "racial profiling" by Trooper Pinkes. (Def. Motion, p. 8). Whatever label Botchway places on the alleged conduct, he cannot, in so doing, end-run the stringent burden imposed upon a defendant seeking discovery in relation to a selective prosecution claim, as required by the Supreme Court in United States v. Armstrong, 517 U.S. 456 (1996) ( The burden is on the defendant to make "a credible showing of different treatment of similarly situated persons" before discovery can be ordered in a selective prosecution case). See, e.g., " United States v. Barlow, 310 F.3d 1007, 1010 (7th Cir. 2002), cert. denied, 538 U.S. 1066 (2003)("Barlow complains not of selective prosecution, but of racial profiling, a selective law enforcement law enforcement tactic. But the same analysis governs both types of claims: a defendant seeking discovery on a selective enforcement claim must meet the same 'ordinary equal

protection standards' that Armstrong outlines for selective prosecution claims."); also see United States v. Alcaraz-Arellano, 302 F.Supp.2d 1217, 1226 (D.Kan.2004)(Armstrong analysis applies to discovery on claim of racial profiling); and United States v. Hare, 308 F.Supp. 2d 955, 963 (D. Neb. 2004)(same).

For the foregoing reasons, Botchway's motion, pursuant to Rule 17(c), for issuance of a subpoena should be denied.

## II.  DOCUMENTS PRODUCED UNDER RULE 17(C) MUST BE RETURNED TO THE COURT.

Contrary to the plain language of Rule 17(c), Botchway asks that "an Order be entered providing that the subpoena may be satisfied without court appearance by the production of the materials directly to defense counsel." Def. Motion, p. 3.

Rule 17(c) unambiguously provides that witnesses may be directed "to produce the designated items *in court* before trial or before they are to be offered in evidence." Fed.R.Crim.P. 17(c) (emphasis added). The rule goes on to say that "*[w]hen the items arrive*, the court *may* permit the parties and their attorneys to inspect all or part of them." Id. (emphasis added). The rule thus requires production to be to the court and places upon the court the obligation to decide, after the documents are produced, whether to allow the parties to examine them.

In United States v. Santiago-Lugo, 904 F. Supp. 43, 46 (D.P.R. 1995), the district court determined that a Rule 17 subpoena returnable in a context similar to that suggested by Botchway is improper. ("Nowhere in Fed.R.Crim.P. 17 do we find language allowing the utilization of the court's subpoena power privately, with a secret return directly to an attorney."). In United States v. Najarian, 164 F.R.D. 484, 487 (D. Minn. 1995), the court held that Rule 17(c) subpoenas could not provide for production "outside of the Court's presence." The court noted Rule 17(c)'s

7

"unquestionabl[e]" intent "that the Court supervise the production of evidentiary materials in advance of trial." Id. "[T]he production of documents, outside of the Court's presence, would entirely defeat any attempt on our part to manage and facilitate the orderly screening of documentary trial evidence." Id. See also United States v. Agboola, 2001 WL 1640094, *6 (D. Minn. Oct. 31, 2001) (finding "no reason to grant Agboola's request to deliver the documents directly to his counsel.").

Following the plain language of Rule 17(c), should the Court allow issuance of the subpoena, and the Government submits that the Court should not do so, then the Government requests that the Court order production of documents to the Court for review by the Court for compliance with the strict requirements of the rule, and then production to the parties, if appropriate.

## CONCLUSION

The Government opposes the motion for Rule 17(c) subpoenas based on the record which suggests that the subpoena seeks broad categories of documents and appears to be intended to improperly provide discovery. Further, the Government requests the Court direct any documents produced in response to such a subpoena be produced to the Court, in accordance with Rule 17(c).

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        UNITED STATES ATTORNEY

By:   /s/ John M. Hodgens, Jr.
      JOHN M. HODGENS, JR.
      Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically upon counsel of record.

/s/ John M. Hodgens, Jr.
JOHN M. HODGENS, JR.
Assistant U.S. Attorney