UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
v.                                  )    **Criminal Action**
                                    )    **No. 05-40035-FDS**
RICHARD BOTCHWAY,                   )
        Defendant,                  )
                                    )
_____)

ORDER
January 18, 2006

SWARTWOOD, C.M.J.

This matter was referred to me on August 11, 2005, for determination of all pretrial proceedings. This Order addresses Defendant's Motion For Leave To Subpoena Materials From Massachusetts State Police (Docket No. 17).

Background

On August 10, 2005, an Indictment was returned charging Richard Botchway a/k/a Ismaila Amoo, a/k/a Senica Allen, Francisco Oni ("Mr. Botchway" or "Defendant"), with unlawful possession of a document making implement in violation of 18 U.S.C. §1028(a)(5). The charges against Mr. Botchway arise from a search conducted after a motor vehicle, in which he was a passenger, was stopped for

an alleged traffic violation. Mr. Botchway's counsel intends to file a motion to suppress and requests that this Court authorize the issuance of a subpoena on the Massachusetts State Police seeking documents which may be relevant to such a motion and/or may assist him in preparing a defense at trial.

## Discussion

This Court's rules of criminal procedure provide that subpoenas may be issued requiring that "the person to whom it is directed ... produce the books, papers, documents or other objects designated therein". Fed.R.Crim.P. 17. Rule 17 further provides that "[t]he court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys". Id.

Mr. Botchway seeks to serve a subpoena on the Massachusetts State Police seeking documents which may be relevant to his contention that State Trooper Pinkes's traffic stop of the vehicle, in which Mr. Botchway was a passenger, for having a faulty taillight was pretense and that the impetus behind the stop was racial profiling (Trooper Pinkes is white and all of the occupants of the motor vehicle were African American). In support of this motion, Mr. Botchway relies on a 2003 opinion by a Massachusetts

State Superior Court judge suppressing evidence in a criminal case involving Trooper Pinkes in which that judge noted that statistical evidence demonstrated that with respect to traffic stops, Trooper Pinkes had a "minority search rate", that is the rate at which he conducted searches of vehicles driven by minority drivers, which was significantly higher than his "Caucasian search rate" and was significantly higher than the Massachusetts State Police rate for such searches. See Commonwealth v. Lora, No. 20020413, 2003 WL 22350945 (Mass.Super. Sep. 12, 2003).  It should be noted that no statistical evidence was presented in the *Lora* case concerning the percentage of minorities stopped for traffic violations by Trooper Pinkes versus the number of Caucasians stopped by Trooper Pinkes. Furthermore, although the court analyzed Trooper Pinkes's search rate, it was not Trooper Pinkes who made the decision to conduct a search in the *Lora* case, rather he responded to another trooper's request to assist in a vehicle search. Id.

The Supreme Court has made clear that a defendant may not, under the Fourth Amendment, seek to suppress evidence based on a claim that the defendant was arrested and/or a search was conducted based on race. See Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769 (1996).  While the Supreme Court has indicated that a defendant may have an Equal Protection claim under the Fourteenth Amendment where an arrest and/or search is alleged to have occurred based on the defendant's race, see Id., neither the Supreme Court

nor the First Circuit has addressed whether suppression of evidence is the appropriate remedy where there has been an Equal Protection violation. The prevailing view among those federal courts that have addressed the issue appears to be that evidence may be suppressed where it was obtained as the result of arrests made or searches conducted based on an individual's race. Therefore, for purposes of this Order, I will assume that Mr. Botchway may seek to suppress evidence which was obtained in violation of his Equal Protection rights. I will now address whether Mr. Botchway has met the high standard for obtaining the discovery he seeks.[1]

Under United States v. Armstrong, 517 U.S. 456, 116 S.Ct. 1480 (1996), a defendant seeking discovery on a claim that his arrest and/or any related searches were the result of impermissible racial profiling must show, essentially, that similarly situated drivers of other races were treated differently. In this case, Mr. Botchway has cited to statistics which were recited in a lower state court case which was decided nearly three years ago. Furthermore, while those statistics indicate that Trooper Pinkes was more likely to search vehicles operated by minorities, Mr.

---

[1] As stated previously, Mr. Botchway was a passenger in a motor vehicle stopped by Trooper Pinkes for an an alleged faulty taillight. The motor vehicle was not owned by any of the occupants, rather it had been borrowed from the driver's girlfriend. One of the other occupants of the car consented to the search of the vehicle, including the trunk. It is questionable whether, under the Fourth Amendment, Mr. Botchway would have standing to challenge the search. Neither party has addressed whether the concept of who has standing to challenge a search would be broader for purposes of Equal Protection than it is for the Fourth Amendment. Therefore, for purposes of this Order, I will assume that Mr. Botchway has standing to challenge the stop and search of the motor vehicle.

Botchway has not presented *any* evidence statistical or otherwise to establish that Trooper Pinkes was more likely to stop vehicles operated by minorities or that he stopped the vehicle in this case because it was being driven by a minority.  There is nothing in the record to suggest that Trooper Pinkes knew the race of the drive at the time he stopped the vehicle (the driver was African American). Under these circumstances, I find that Mr. Botchway has failed to make the necessary threshold showing that he is entitled to the requested discovery and I am denying his motion.

<u>Conclusion</u>

Defendant's Motion For Leave To Subpoena Materials From Massachusetts State Police (Docket No. 17) is <u>denied</u>.

/s/ Charles B. Swartwood
Charles B. Swartwood, III
CHIEF MAGISTRATE JUDGE