UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

                                  )

UNITED STATES OF AMERICA   )

                                  )

        v.                         )          Criminal No. 05-CR40035-FDS

                                  )

RICHARD BOTCHWAY        )

_____ )

**DEFENDANT'S MOTION TO REVOKE DETENTION ORDER**

Defendant Richard Botchway moves, pursuant to 18 U.S.C. §3142, that the District Court revoke the order detaining him. As grounds for this motion, defendant states that changed circumstances justify releasing him to an Immigration Customs Enforcement (ICE) detainer. Counsel has confirmed with the U.S. Marshals office that they are in possession of an ICE detainer.

On August 31, 2005 Magistrate-Judge Swartwood issued a detention order finding that no conditions would assure Mr. Botchway's appearance if released and holding Mr. Botchway in detention. Mr. Botchway has been held since his arrest and ICE detention on July 14, 2005.

On June 8, 2006 this Court allowed Mr. Botchway's motion to suppress. That motion -- suppressing the ID printer and documents found in the trunk of the car -- guts the government's case. On July 6, 2006 the government filed a notice of appeal.

Defendant submits that the allowance of the suppression motion warrants his release to the ICE detainer. The weight of the admissible evidence is now nil. See 18 U.S.C. §3142 (g)(2).

The government's filing of a notice of appeal does not represent a determination to actually proceed on an appeal. AUSA Hennessey has advised counsel that a decision

on whether to pursue an appeal likely will be made in a month.  However, based on

conversations with other defense attorneys who have been in similar situations, counsel

understands that the government's process of determining whether to pursue an appeal

often takes several months or longer.  Assuming the government ultimately approves an

appeal, the appeal process could then take an additional six to nine months.

Mr. Botchway has been detained for over one year.    It would be unfair to detain

Mr. Botchway while the government decides whether to pursue an appeal and then

through the appeal process.  To do so would impose a severe penalty upon Mr. Botchway

for having won the motion to suppress.  He would end up spending far more time in

custody, likely in the range of one year, prior to being released to the ICE detainer than if

he'd pled guilty and received a guideline range sentence.

Mr. Botchway is charged with one count of unlawful possession of a document-

making implement, 18 U.S.C. §1028 (a)(5).  Under §2B.1.1(10) of the Sentencing

Guidelines, his offense level is 12.  Assuming a plea and a 2 level reduction for

acceptance of responsibility, his Offense Level would be 10.

His criminal record lists only two potential offenses for criminal history purposes.

In 1997 he pled guilty to theft and check forgery, and received a suspended sentence of

one year.  This yields one point.  In 1996 he pled guilty to impersonating another when

applying for a license and received a $100 fine.  This offense seems comparable to

providing false information to a police officer, which the Guidelines provide is not

counted unless the defendant receives a sentence of probation to a term of at least one

year or imprisonment of at least 30 days.  See §4A1.2(c)(1).  If Mr. Botchway's $100 fine

for criminal impersonation does not count, then he is at Criminal History Category I.  If it does count, then he is at Category II.

Assuming a Criminal History Category II and an Offense Level of 10, the Guideline range would be 8-14 months.  If Mr. Botchway had pled guilty and received a sentence of 11 months, he would have been required to serve a little over 9 months.

If Mr. Botchway had lost his motion, he likely would have promptly pled guilty, likely would have received a Guideline Range sentence of no worse than 11 months, and would have been immediately released to the ICE detainer.  Even if he'd received a high-end sentence of 14 months -- extremely unlikely given the circumstances -- he's already served more than the 12 months he'd actually serve on a 14 month sentence.

In sum, Mr. Botchway should not be treated worse by virtue of his winning the motion to suppress than he would have been treated if he'd lost.  Ultimately he is going to be released to the ICE detainer.  Delaying this by holding him in detention while the appeal process unfolds would be grossly unfair.

### REQUEST FOR HEARING

Defendant requests a hearing on this motion should the government oppose this motion.  Counsel will be away on vacation from August 11 – 27, and requests that a hearing be held prior to August 11th.

Richard Botchway
By his Attorney,

/s/ Keith Halpern
_____
Keith Halpern, BBO# 545282
4 Longfellow Place, 37th Floor
Boston, MA 02114
(617) 722-9952